JOHN H. WARREN et al.

*v.*

JAMES A. WARREN et al.

[Submitted February 3d, 1915. Determined March 18th, 1915.]

1. Where land was conveyed in trust for the benefit of several beneficiaries, it being provided in the trust deed that upon the joint request of the beneficiaries the trustee should convey in fee-simple to the grantor, his heir or heirs, the death of all persons authorized by the deed to execute the joint request rendered the trust a simple trust, subject to the operation of the statute of uses.

2. A deed to a person, without words of inheritance, in trust that the grantee, "his heirs and assigns," should permit named persons and their survivors to enjoy the rents and profits, and should convey the property in fee-simple to the grantor, his heir or heirs, upon request of all beneficiaries, did not create a fee in the trustee, in view of the position of the words of inheritance and the intention of the grantor as expressed in the entire instrument, while the conveyance by the trustee upon joint request, if required, would necessarily arise during the continuance of an estate *pur auter vie*, not requiring the existence of a fee to support it.

On bill for appointment of a trustee under deed of conveyance from Richard Warren to Frederick Knighton to use of the widow and children of Richard Warren. On demurrer to bill. See *Warren* v. *Warren, 75 N. J. Eq. 415.*

*Mr. Edwin C. Long* and *Messrs. Collins & Corbin,* for the demurrants.

*Messrs. Wescott & Weaver, contra.*

LEAMING, V. C.

I am convinced that the averments of the bill disclose that this court is without jurisdiction to either execute the trust or appoint a trustee for that purpose.

Should it be assumed, as contended by complainant, that the words of inheritance as used in the deed in question were adequate to convey the fee and that the duty of the trustee to convey upon the joint request specified in the deed rendered the trust which but for the existence of that duty would have been a simple trust, a special trust and thereby removed it from the operation of the statute of uses, it yet seems clear that upon death of all persons who were by the terms of the deed authorized to execute the "joint request," the trust became a simple trust and equally subject to the operation of the statute of uses. *Lew. Trusts 686.* In whom the fee then vested would be a question to be determined by the courts of law.

I entertain the view, however, that the words of inheritance used in the trust deed cannot be properly construed as creative of a fee in the trustee. The words of inheritance occur only in that part of the instrument which directs the trustee to permit the life beneficiaries to possess and enjoy until the decease of the survivor, and when considered in connection with the entire instrument suggest no intention to create an estate of greater duration either in the trustee or the beneficiaries. It is urged that the performance of the duty of the trustee to convey to the donor upon the joint request referred to in the deed contemplates a conveyance of the fee; but the conveyance, if required, would necessarily arise during the continuance of an estate *pur auter*

*vie* and would require the existence of no greater estate to support it. I am satisfied that at the decease of the surviving life beneficiary the trust estate terminated.

I will advise a decree allowing the demurrer.